IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALT CITY STEEL LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-CV-12712 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| THE PARTNERSHIPS IDENTIFIED ON ) | |
| SCHEDULE A, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT ACSSART's
OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXTEND THE
TEMPORARY RESTRAINING ORDER**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND .............................................................................................. 2

III. PROCEDURAL BACKGROUND ...................................................................................... 3

IV. LEGAL STANDARD .......................................................................................................... 4

V. ARGUMENT ........................................................................................................................ 4

    A. Defendant Is Not Properly Joined in This Action ..................................................... 4

    B. Plaintiffs Have Not Demonstrated Irreparable Harm ............................................ 7

    C. An Asset Freeze Is Not Appropriate ......................................................................... 8

    D. Defendant Reserves All Rights to Advance Additional Defenses ......................... 10

VI. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson Design Group, Inc. v. Schedule A*,
  No. 25-cv-07734, ECF No. 12 (N.D. Ill. July 25, 2025) ............................................................3

*Eicher Motors Ltd. v. P'ships & Uninc. Ass'ns Identified on Schedule "A"*,
  No. 25-cv-2937, 2025 WL 2299593 (N.D. Ill. Aug. 8, 2025) ......................................... passim

*Elizabeth's Studio LLC v. Schedule A*,
  No. 25-cv-05540, ECF No. 13 (N.D. Ill. May 22, 2025)............................................................3

*Estée Lauder Cosms. Ltd. v. P'ships & Uninc. Ass'ns Identified on Schedule A*,
  334 F.R.D. 182 (N.D. Ill. 2020)..............................................................................................4, 5

*Ewing v. Carrier*,
  35 F.4th 592 (7th Cir. 2022) .......................................................................................................6

*Fourqurean v. Nat'l Collegiate Athletic Ass'n*,
  143 F.4th 859 (7th Cir. 2025) .....................................................................................................4

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*,
  527 U.S. 308 (1999)....................................................................................................................9

*Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*,
  846 F.2d 1079 (7th Cir. 1988) ....................................................................................................7

*Intersport Corp. v. The Individuals, Corps., LLCs, P'ships, and Uninc. Ass'ns
  Identified on Amended Schedule A Hereto, et al.*,
  No. 25-cv-7992, ECF No. 24 (N.D. Ill. Aug. 14, 2025) .............................................................9

*LandAirSea Sys., Inc. v. Synchronize Income Dev., LLC*,
  No. 23-cv-4964, 2024 WL 1657355 (N.D. Ill. Feb. 8, 2024) .....................................................7

*Manchester United Football Club Ltd. v. The P'ships and Uninc. Ass'ns Identified
  on Schedule A*,
  No. 24-cv-5692, ECF No. 61 (N.D. Ill. Aug. 28, 2024) ...........................................................10

*Mazurek v. Armstrong*,
  520 U.S. 968 (1997)....................................................................................................................4

*McDowell v. Morgan Stanley & Co.*,
  645 F. Supp. 2d 690 (N.D. Ill. 2009) ..........................................................................................5

*Michigan v. U.S. Army Corps of Eng'rs*,
  667 F.3d 765 (7th Cir. 2011) ......................................................................................................7

*Micnerski v. Sheahan*,
    No. 02 C 7025, 2002 WL 31415753 (N.D. Ill. Oct. 25, 2002) ..................................................8

*Promatek Indus., Ltd. v. Equitrac Corp.*,
    300 F.3d 808 (7th Cir. 2002) ....................................................................................................7

*Redbox Automated Retail, LLC v. Xpress Retail LLC*,
    310 F. Supp. 3d 949 (N.D. Ill. 2018) ........................................................................................8

*Roblox Corp. v. Bigfinz*,
    No. 23 C 5346, 2023 WL 8258653 (N.D. Ill. Nov. 29, 2023) (Durkin, J.) ..............................6

*Rubik's Brand, Ltd. v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
    No. 20-cv-733, ECF No. 37 (N.D. Ill. June 26, 2020).............................................................6

*Sands, Taylor & Wood Co. v. Quaker Oats Co.*,
    978 F.2d 947 (7th Cir. 1992) ..................................................................................................10

*SB Designs v. Reebok Int'l, Ltd.*,
    305 F. Supp. 2d 888 (N.D. Ill. 2004) ........................................................................................5

*Volkswagen AG et al v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
    No. 18-cv-06611, ECF No. 56 (N.D. Ill. Nov. 13, 2018) .........................................................6

*Wham-O Holding, Ltd. et al. v. The Individuals, Corps., LLCs, P'ships and Uninc. Ass'ns Identified in Schedule A*,
    No. 24-cv-12523, ECF No. 39 (N.D. Ill. Feb. 20, 2025) ..........................................................9

*Winter v. Natural Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ......................................................................................................................4

*XYZ Corporation v. The P'ships Identified on Schedule A*,
    No. 25-cv-12554 (N.D. Ill. filed Oct. 15, 2025) ..............................................................2, 3, 6

*Zhang v. UAB Ekomlita*,
    No. 22-cv-5057, 2023 WL 2867798 (N.D. Ill. Apr. 10, 2023) .................................................8

**Statutes and Rules**

15 U.S.C. § 1117(a) .........................................................................................................................10

Fed. R. Civ. P. 20...................................................................................................................2, 3, 4, 5

Fed. R. Civ. P. 21..............................................................................................................................4

Defendant Acssart (Defendant No. 321) ("Defendant") respectfully submits this Opposition to Plaintiff Salt City Steel, LLC's ("Plaintiff") *Ex Parte* Motion (ECF No. 25, "Motion") to Extend the Temporary Restraining Order (ECF No. 22, "TRO").

**I.     INTRODUCTION**

As Judge Kness has recently stated with respect to the type of "Schedule A" case at-issue here:

> [T]his Court has taken a fresh and close look at the propriety of the Schedule A mechanism. That review has not been flattering: as explained below, the routine granting of preliminary injunctive relief in the absence of adversarial proceedings; the widespread sealing of judicial documents from public scrutiny; the pell-mell prejudgment freezing of defendants' assets to ensure the practical availability of a legal remedy; and the mass joinder of multiple defendants is ***unjustified under the procedural rules and should not continue***.

*Eicher Motors Ltd. v. P'ships & Uninc. Ass'ns Identified on Schedule "A"*, No. 25-cv-2937, 2025 WL 2299593, at *2 (N.D. Ill. Aug. 8, 2025) (emphasis added).  The concerns raised by Judge Kness are the exact issues with the injunctive relief granted here.  Of most concern to Defendant is the crippling effect on its *entire* business due to the Court's TRO directing PayPal to freeze *all* of Defendant's funds. (Or so Defendant must assume—Defendant does not have access to the TRO because it remains under seal and it has never been served or informally sent to Defendant.) This "asset freeze that strangles [D]efendant[] at the outset . . . is far from equitable" and is especially unwarranted here. *Eicher Motors*, 2025 WL 2299593, at *2.

Defendant has limited information as to what Plaintiff's allegations in this case are, as the majority of Plaintiff's motion seeking the TRO, its supplemental submission regarding joinder, and the TRO itself remain under seal. (ECF Nos. 11, 17, & 22.) Regardless, now that Defendant knows that Plaintiff has an issue with ***certain photographs***, Defendant simply removed that content, thus, eliminating any issue. An injunction that "forces [a] settlement[] . . . because [Defendant's] assets and business are locked up by an injunction" is not equitable. *Eicher Motors*,

1

2025 WL 2299593, at *10.

As discussed below, a TRO was not appropriate for several other reasons, and an extension of the TRO should not be granted. As part of its ruse, Plaintiff falsely represented to the Court that all the 394 defendants were interconnected. (*See* ECF No. 10 at 1.) This was complete nonsense. Defendant has advised that it has no connection to *any* of the other defendants. *See, e.g.*, *Eicher Motors*, 2025 WL 2299593, at *10 ("echo[ing] concerns" that "[i]t is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements") (internal quotation omitted). Presumably, this was the reason that Plaintiff dismissed a prior litigation assigned to Judge Blakey, who has consistently advised in recent months that conclusory allegations are insufficient to support the proper application of joinder.

Plaintiffs cannot meet the high standard for an *ex parte* TRO. Their motion is based on gross generalizations and unsupported speculation. Importantly, Plaintiff has not provided any evidence of irreparable harm—rather, Plaintiff has had actual knowledge of Defendant for at least four months before seeking relief. Put simply, this case has nothing to do with copyright protection—it is a shakedown.

For these reasons, and those discussed below, Plaintiff's request for an extension of the TRO should be denied and the TRO should be dissolved.

## II. FACTUAL BACKGROUND

Plaintiff is a Utah company that purportedly owns several copyright registrations, which were registered in April 2025. (*See* ECF No. 1-1.) Plaintiff has no connection to this District or the State of Illinois.

Defendant sells a wide variety of goods, including houseware, personal care items, clothing, toys, electronics accessories, tools, and more, via acssart.com. The Complaint does not

2

provide a factual basis for any claim against Defendant. Rather, it provides generic allegations against 394 defendants.

### III. PROCEDURAL BACKGROUND

Plaintiff's Civil Cover Sheet indicates that this case is related to the case styled as *XYZ Corporation v. The P'ships Identified on Schedule A*, No. 25-cv-12554 (N.D. Ill. filed Oct. 15, 2025) ("Prior Litigation") that was pending before Judge Blakey, but recently closed after the two remaining defendants settled with Plaintiff on around December 1, 2025. (*See* Ex. 1.) Judge Blakey has explained, in numerous "Schedule A" cases that "[j]oinder of multiple defendants in a single copyright infringement action remains appropriate only if the claims against the defendants are asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and a common question of law or fact exists as to all defendants. Fed. R. Civ. P. 20(a)(2)(A)-(B)." (*See, e.g.*, Ex. 2, *Anderson Design Group, Inc. v. Schedule A*, No. 25-cv-07734, ECF No. 12 (N.D. Ill. July 25, 2025) (explaining that allegations that the "Defendant internet stores share unique identifiers" are insufficient to establish joinder); Ex. 3, *Elizabeth's Studio LLC v. Schedule A*, No. 25-cv-05540, ECF No. 13 (N.D. Ill. May 22, 2025) (same); Ex. 4, *Thomas Edward Wood v. Schedule A*, No. 25-cv-04578, ECF No. 12 (N.D. Ill. Apr. 29, 2025) (same).) Immediately after the Prior Litigation was assigned to Judge Blakey, Plaintiff amended its complaint to name just two defendants with common ownership.

Two days later, on October 17, 2025, Plaintiff then refiled the same complaint as the present action, presumably against the same defendants that were dismissed from the Prior Litigation. The identities of the original defendants in both the Prior Litigation and the present action were all placed under seal.[1] On October 22, 2025, Plaintiff moved for an *ex parte* temporary

---

[1] Plaintiff's counsel sent Schedule A in the present action with Defendant's counsel on the afternoon of January 13, 2026.

3

restraining order, as well as an order for electronic service of process. (ECF Nos. 9 & 12.) On November 6, 2025, the Court requested supplemental briefing to address the propriety of joinder in this matter, which Plaintiff filed under seal on November 20, 2025. (ECF Nos. 16 & 17.) The motions were granted by the Court on January 5, 2026. (ECF No. 21.)

### IV. LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). "To secure a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Fourqurean v. Nat'l Collegiate Athletic Ass'n*, 143 F.4th 859, 866 (7th Cir. 2025) (quoting *Winter*, 555 U.S. at 20).

### V. ARGUMENT

#### A. Defendant Is Not Properly Joined in This Action

Under Rule 20(a)(2), defendants "may be joined in one action as defendants" if the following two conditions are met: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Plaintiffs "bear[] the burden of demonstrating that joinder is proper." *See Estée Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (collecting cases).

4

Courts in this district have repeatedly recognized that similarity of claims between a plaintiff and various defendants is not sufficient for joinder. *See, e.g.*, *Eicher Motors*, 2025 WL 2299593, at *2, *10 ("[T]he Court echoes concerns raised elsewhere in this District about the propriety of joining multiple defendants in Schedule A cases"; "the mass joinder of multiple defendants is unjustified under the procedural rules and should not continue"); *Estée Lauder Cosms.*, 334 F.R.D. at 187 ("[T]ime and again the courts of this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements."); *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20."); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence.").

Defendant is not privy to the supplemental filing that Plaintiff made addressing joinder, as it remains under seal. As such, Defendant can only note that Plaintiff's publicly available papers contain only boilerplate, conclusory, unsubstantiated allegations, for example, that "the same ownership likely exists across the Defendant Internet Stores" and "Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all defendants will arise in the action." (ECF No. 1, Compl. ¶ 4.) These statements, which are lifted from countless other complaints filed in Schedule A cases are insufficient to satisfy Plaintiff's burden for joinder of all 394 Defendants. *See Estée Lauder Cosms.*, 334 F.R.D. at 188 (allegations that the defendants are "'an interrelated group of counterfeiters acting in active concert' . . . are conclusions—not facts").

Moreover, Defendant confirms that these allegations of inter-relatedness are *false*. Specifically, Defendant has no connection or knowledge of any of the other 393 defendants and is certainly not working with any of them. Accordingly, the TRO should be dissolved and Defendant should be dismissed. (*See, e.g.*, Ex. 5, *Rubik's Brand, Ltd. v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 20-cv-733, ECF No. 37 (N.D. Ill. June 26, 2020) (denying motion for TRO because joinder of numerous defendants in one action was improper); Ex. 6, *Volkswagen AG et al v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 18-cv-06611, ECF No. 56 (N.D. Ill. Nov. 13, 2018) (vacating preliminary injunction as to moving defendants where joinder was improper and noting that "the inquiry boils down to whether all the Defendants are properly pled to be working together or in a coordinated effort").

The fact that Plaintiff immediately amended its list of defendants in the Prior Litigation after the case was assigned to Judge Blakey is telling. In the words of the Seventh Circuit: "Plaintiffs are engaged in judge-shopping. They do not like Judge [Blakey's joinder standard], and they have sought the view of a second district judge. [This Court] should not . . . oblige[]." *Ewing v. Carrier*, 35 F.4th 592, 593–94 (7th Cir. 2022). The Court should dismiss for improper joinder.

Plaintiff's reckless and false labelling of Defendant as engaging in a "counterfeiting operation" and whose products are subject to "seizure[]" by DHS (*see* ECF No. 1, Compl. ¶¶ 30, 35) is emboldened by its own decision to group dozens of unrelated defendants, rather than acknowledging the actual *facts* at issue. Here, Defendant is only accused of using Plaintiff's photographs. Plaintiff never had any basis to call Defendant a counterfeiter, but sought to make overblown allegations of harm in order to obtain a secret TRO "in the absence of adversarial briefing." *Eicher Motors*, 794 F. Supp. 3d 543, 547 (N.D. Ill. 2025); *see also, e.g.*, *Roblox Corp. v. Bigfinz*, No. 23 C 5346, 2023 WL 8258653, at *1–2 (N.D. Ill. Nov. 29, 2023) (Durkin, J.) ("In

6

this case, and the hundreds like it routinely filed in this District, plaintiffs join dozens or even hundreds of defendants in a single case, saving themselves thousands of dollars in filing fees. . . . [B]y filing a complaint with many defendants, plaintiff's counsel assumes the responsibility to vigilantly and scrupulously monitor the case for defendants that do not fit the allegations and to promptly take appropriate action when such facts come to light.").

### B. Plaintiffs Have Not Demonstrated Irreparable Harm

Plaintiffs' arguments concerning irreparable harm are conclusory and unsupported by relevant evidence. Plaintiff argues that its "goodwill and reputation" is being harmed in this action and that it is suffering "loss of brand confidence", misleadingly citing trademark infringement cases in support. (*See, e.g.*, ECF No. 10 at 7 (citing *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1091 (7th Cir. 1988) (discussing "irreparable harm attributable to trademark infringement")) & *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (discussing "injuries arising from Lanham Act violations")).) But this case involves allegations of ***copyright*** infringement—i.e., alleged use of Plaintiff's photographs—not trademark infringement. Plaintiff has not presented any arguments that they have, e.g., ever licensed the alleged copyrights in their photographs.

In all events, Plaintiff's delay in bringing suit against Defendant negates any argument of irreparable harm. This is because a lengthy, unexplained delay in seeking relief calls into question "how urgent the need for [preliminary] equitable relief really is." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011).

Here, the documents provided by Plaintiff to Defendant's counsel show that Plaintiff had had actual knowledge of Defendant's accused activities ***since last May***. Yet, Plaintiff remained silent for five months. Plaintiff's lengthy delay in seeking relief is further evidence that an *ex parte* TRO is not appropriate. *See LandAirSea Sys., Inc. v. Synchronize Income Dev., LLC*, No.

7

23-cv-4964, 2024 WL 1657355, at *6 (N.D. Ill. Feb. 8, 2024) (finding 10-month delay weighed against a finding of irreparable harm); *Zhang v. UAB Ekomlita*, No. 22-cv-5057, 2023 WL 2867798, at *6 (N.D. Ill. Apr. 10, 2023) ("UAB's delay and inaction with respect to contesting Zhang's registration and filing its motion for a preliminary injunction suggests that there is no risk of irreparable harm, which is an independent reason for denying the requested relief."); *Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 955 (N.D. Ill. 2018) (no irreparable harm where plaintiff delayed filing its trademark infringement suit for three months after sending cease and desist letter).

If, in fact, Plaintiff was concerned with the allegedly infringing activity, it would have voiced its concerns to Defendant immediately. Defendant even has a specific page on its website "to report content that you believe violates or infringes your copyright," and Defendant advises on that page that reported material "will be removed or made inaccessible.". *See* https://m.acssart.com/policies. Plaintiff should not be permitted to persist with its gamesmanship in this District.

### C. An Asset Freeze Is Not Appropriate

As a result of the TRO, Defendant's PayPal account has been frozen in its entirety, restraining over a million dollars in funds. This effectively puts Defendant out of business. Without access to its funds Defendant cannot pay employees, suppliers or rent.

Moreover, the funds being restrained have no relation to the accused activities. Defendant has made a total of six sales relating to the listing that Plaintiff's accuse of infringing its copyrights. Two of those sales were made to Plaintiff in May and June of 2025. The other four were made on February 19, 2025. Those six sales totaled less than $150 in revenue. Plaintiff provides no support for arbitrarily tying up Defendant's funds pertaining to the sale of unrelated products, which is contrary to the law. *See, e.g.*, *Micnerski v. Sheahan*, No. 02 C 7025, 2002 WL 31415753, at *1

8

(N.D. Ill. Oct. 25, 2002) ("[T]he relevant inquiry is not simply whether plaintiff seeks *any* equitable relief, but whether there is a nexus between the assets sought to be frozen through an interim order and the equitable relief requested in the lawsuit.") (emphasis in original).

Plaintiff, like other "Schedule A" plaintiffs in this District, have not met ***its burden*** to identify assets implicated in this matter. For example, in one recent case, Judge Alexakis explained:

> Here, the Court declines to exercise its discretion in the broad manner [Plaintiff] requests. [Plaintiff] has presented the Court with evidence that the five defendant-storefronts at issue sell dozens, if not hundreds, of products that are not implicated in this matter. The Court has no reason to believe the sales of those products represent anything other than lawful commercial activity. On this record, the Court will not impose a prejudgment asset restraint that knowingly encompasses those legitimate assets. To do so would be to relieve [Plaintiff] of its burden to identify the property or proceeds it seeks to enjoin with a sufficient degree of specificity. And it would risk creating a pot of money that would be far too plentiful to accomplish [Plaintiff]'s stated, narrow objective (the disgorgement of ill-gotten gains), all the while impeding legitimate business transactions.

(Ex. 7, *Wham-O Holding, Ltd. et al. v. The Individuals, Corps., LLCs, P'ships and Uninc. Ass'ns Identified in Schedule A*, No. 24-cv-12523, ECF No. 39 (N.D. Ill. Feb. 20, 2025) (Judge Alexakis denying injunctive relief); *see also* Ex. 8, *Intersport Corp. v. The Individuals, Corps., LLCs, P'ships, and Uninc. Ass'ns Identified on Amended Schedule A Hereto, et al.*, No. 25-cv-7992, ECF No. 24 (N.D. Ill. Aug. 14, 2025) (Judge Alexakis denying motion for a TRO and asset freeze); Ex. 9, *Intersport Corp. v. The Individuals, Corps., LLCs, P'ships and Uninc. Ass'ns Identified on Schedule A Hereto*, No. 25-cv-3483, ECF No. 24 (N.D. Ill. Apr. 21, 2025) (Judge Pacold denying motion for a TRO and finding that "plaintiffs seek prejudgment asset restraints to establish a fund from which money damages may be awarded," which is contrary to *Grupo Mexicano*).)

The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). As a general matter, the

9

remedy of disgorgement of profits is not intended to give the trademark owner an excessive and therefore improper windfall. *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 (7th Cir. 1992) (reversing damages award that was "a windfall to the plaintiff" because "the award of profits [bore] no relationship to [infringer's] enrichment"). Plaintiff's motion for a TRO and current Motion do not address any of the pertinent facts, e.g., the amount of profits that Plaintiff could conceivably recover from Defendant. And here, where there is less than $150 at stake, it is consistent with "the principles of equity" to deny Plaintiff "such an award." *Fabick, Inc. v. JFTCO, Inc.*, 944 F.3d 649, 659 (7th Cir. 2019); 15 U.S.C. § 1117(a); *see also, e.g.*, *Eicher Motors*, 2025 WL 2299593, at *8 ("In view of the practical realities outlined above, the Court will exercise its discretion to deny requests for a prejudgment, ex parte asset freeze in this and other Schedule A cases.").

The fact that Defendant has appeared in this action is another reason that the freeze on its assets should not be continued. (*See, e.g.*, Ex. 10, *Manchester United Football Club Ltd. v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 24-cv-5692, ECF No. 61, 8/28/24 Hr'g Tr. 4:8–8:17 (N.D. Ill. Aug. 28, 2024) ("I am vacating the asset restraint as to all of these defendants at issue in these motions. . . . I don't think it's appropriate anymore now that these defendants are here and in the case.").)

### D. Defendant Reserves All Rights to Advance Additional Defenses

In the interest of exigency of responding to Plaintiff's Motion and vacating the TRO that is crippling Defendant's business as quickly as possible, Defendant has only set forth a few arguments in opposition to Plaintiff's Motion herein. However, Defendant notes that it is also not subject to the personal jurisdiction of this Court; that an *ex parte* TRO is inappropriate under the circumstances; and that it has never been served. Defendant reserves all rights to advance and further explain its personal jurisdiction defense and all other defenses if this case proceeds.

## VI. CONCLUSION

For the above reasons, Plaintiff's Motion to extend the TRO should be denied and the TRO should be promptly dissolved.

Respectfully submitted,

Dated: January 15, 2026        By: *s/ Mark Berkowitz*
Mark Berkowitz
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

*Attorneys for Defendant Acssart*

11