UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALT CITY STEEL LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A, <br><br> DEFENDANTS. | CASE NO.: 1:25-CV-12712 <br><br> JUDGE ANDREA R. WOOD <br><br> MAGISTRATE JUDGE MARIA VALDEZ |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**

Plaintiff, Salt City Steel LLC ("SCS" or "Plaintiff"), submits the following brief, in compliance with the oral order issued by this Court during a status hearing held on January 20, 2026. For the reasons set forth below, this submission establishes that the Temporary Restraining Order entered by this Court on January 5, 2026 [22], did not expire on Martin Luther King Jr. Day, *i.e.*, on January 19, 2026, but was extended by General Order[1] to Tuesday, January 20, 2026, which was subsequently extended to Friday, January 23, 2026, by oral order of the Court. As such, this Court has the authority to enter an additional extension of the Temporary Restraining Order until Monday, February 2, 2026.

    I.    AN EXTENSION OF THE TRO IS PROPER UNDER GRANNY GOOSE AND THE FEDERAL RULES OF CIVIL PROCEDURE.

        a.  *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974)

In *Granny Goose*, the Supreme Court held that the "ex parte temporary restraining order ("TRO") issued by a state court prior to removal remains in force after removal no longer than it

---

[1] *In re: 2026 Holiday Closures*, GENERAL ORDER NO. 25-0001 (N.D. Ill., Jan. 2, 2025) (Chief Judge Kendall).

1

would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 440 (1974). Further, the Court held that when a court has not supplanted a TRO "with a preliminary injunction of unlimited duration pending final decision on the merits or further order of court… [the] party against whom TRO has issued may reasonably assume that order has expired within the time limits imposed by the rule." *Id.* at 444-445.

The *Granny Goose* case established that temporary restraining orders are not indefinitely prolonged, rather they expire according to federal rules, if not promptly converted to a preliminary injunction. This means a TRO doesn't automatically last until dissolved by a federal judge; its life is limited by Federal Rule of Civil Procedure 65(b), unless the party obtaining it actively seeks a preliminary injunction. However, the holding in *Granny Goose* is not relevant to the present case. Here, the TRO had a set duration – "fourteen (14) days," which set the expiration date of the TRO to January 19, 2026. However, because the last day of the time period fell on a Federal Holiday, the original expiration date was extended by GENERAL ORDER 25-0001 (N.D. Ill., Jan. 2, 2025) to the next date, January 20, 2026. The duration of the TRO was not indefinite, as it was in *Granny Goose*, and there was a written order extending the expiration date. Additionally, even absent the extension granted in GENERAL ORDER 25-0001, under Fed. R. Civ. P. 6(a)(1)(c), since the last day of the period was a legal holiday, the TRO continued to run until the end of the next day – January 20, 2026.

In analyzing *Granny Goose* and its application in federal court, it is clear that time limitations under the Federal Rules of Civil Procedure ("FRCP") would apply, as any discussion regarding state court removal is not applicable in the present case. Specifically, FRCP 65(a) sets

2

out time limitations for temporary injunctive relief. Notably, there was no issue in *Granny Goose* related to FRCP 6(b) so this holding has no effect on the application of that Rule in federal court.

### b. *Granny Goose* Supports a TRO Extension in Present Case

*Granny Goose* merely confirms that the time limitations provided by the FRCP are applicable in federal court and has no further effect on this Court's authority to grant extensions of a TRO. The present case was initiated in federal court with a TRO issued by this Court on January 5, 2026, which was entered for a period of fourteen (14) days. [22]. Pursuant to the TRO, and as appropriate under FRCP 65(b)(2), the 14-day period ended on January 19, 2026, which was a Federal holiday. However, the office of the Chief Judge has issued a General Order stating that "[a]ll Orders, writs, process, pleadings, or other matters otherwise due or heretofore made returnable on….the birthday of Martin Luther King, Jr.…are hereby extended and continued to ... Tuesday January 20, 2026," which is also the proper computation under FRCP 6. *See,* General Order 25-0001; and Fed. R. Civ. P. 6(a)(1)(C). As such, the FRCP and General Order properly extended the deadline to Tuesday, January 20, 2026.

### c. Application of Federal Rules of Civil Procedure 65 and 6

FRCP 65 states that a TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period…" Fed. R. Civ. P. 65(b)(2). FRCP 6 – which deals with "Computing and Extending Time," states that "in computing any time period specified in these rules, in any local rule or court order . . . [and w]hen the period is stated in days . . . [and] the last day is a Saturday, Sunday, or <u>legal holiday</u>, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C) (emphasis added).

3

It is also reflected in the historical progression and interpretation of FRCP 6, and its application to FRCP 65, that *Granny Goose*, which was decided in 1974, was never intended to override the FRCP or prevent federal courts from permitting expiration dates beyond 14 days. Historically, until 2009, TRO expiration dates under Rule 65(b) were calculated in an even more generous manner to exclude all intermediate Saturdays, Sundays, and legal holidays, where a time period specified in the FRCP was less than eleven (11) days. *See, United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 728 F. Supp. 1032, 1057 (S.D.N.Y.); *see also, Midland Mut. Life Ins. Co. v. Sellers,* 101 B.R. 921, 927 (S.D. Ohio 1989). Additionally, the day the order was entered was also excluded. *Midland Mut. Life Ins. Co.* at 927. In *International Brotherhood,* the district court held that the length of the TRO, from December 15, 1989, to January 2, 1990, was proper, even though it was 18 days, as the FRCP excludes weekends and holidays in calculating periods of time that are less than 11 days. *See, Int'l Bhd. of Teamsters*, 728 F. Supp. at 1057-1058. Furthermore, in *Midland,* the district court held that a TRO and an extension that were actually 15 and 14 calendar days long respectively, upon inclusion of Saturdays, Sundays, and legal holidays only counted as ten days of countable time under the FRCP. *See, Id.* at 928.

In 2009, the FRCP were amended to modify the computing times under Rule 6(a). Specifically, the rule eliminated the complexity in calculating the time periods. Under the current rule which applies to "computing any time period specified in the Fed. Rules of Civil Procedure, in any local rule or court order" courts must "exclude the day of the triggering event, count every day including intermediate Saturdays, Sundays, and legal holidays, and include the last day unless it falls on a Saturday, Sunday, or legal holiday, in which case the period continues until the end of the next day that is not a weekend or holiday." Fed. R. Civ. P. 6(a)(1)(C). This rule was applied in

4

*Citizens for Responsible Govt. Adv., Inc., v. Barland,* 2014 WL 12644269, where the district court found that because the 14th, and last, day of the TRO fell on Veteran's Day, a Federal holiday, the TRO was extended to the next business day. *See, Citizens for Responsible Govt. Adv., Inc., v. Barland,* 2014 WL 12644269.

### d. The General Order issued by the Chief Judge of this District Also Reinforces and Implements Rule 6(a)'s Time Computation Provisions

Additionally, and importantly, there is a standing General Order issued by the Chief Judge of this Court which reinforces and implements FRCP 6(a)'s time computation provisions as applied in this District. In stating that "[a]ll Orders, writs, process, pleadings, or other matters otherwise due or heretofore made returnable on….[a Federal holiday]….are hereby extended and continued to ... [the business day following that Federal holiday]," it provides clear guidance to litigants and judges regarding time computation, eliminates confusion about whether particular deadlines or expirations are extended by holidays, and ensures fairness by preventing obligations from falling due when the courthouse is closed.

## II. CONCLUSION

For the aforementioned reasons, the TRO was properly and automatically extended to Tuesday, January 20, 2026, by the Federal Rules of Civil Procedure and by this Court's standing General Order regarding Holiday Closures.

| | |
|---|---|
| Dated: January 21, 2026 | Respectfully submitted,<br><br>*/s/ Gouthami Tufts*<br>Ann Marie Sullivan<br>Alison K. Carter<br>Gouthami V. Tufts<br><br>**SULLIVAN & CARTER, LLP**<br>111 W. Jackson Blvd. Ste 1700<br>Chicago, Illinois 60604<br>www.scip.law<br>929-724-7529<br><br>***ATTORNEYS FOR PLAINTIFF*** |