IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALT CITY STEEL LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-CV-12712 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| THE PARTNERSHIPS IDENTIFIED ON ) | |
| SCHEDULE A, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT ACSSART'S SUPPLEMENT IN FURTHER
OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO EXTEND THE
TEMPORARY RESTRAINING ORDER**

Defendant Acssart (Defendant No. 321) ("Defendant") respectfully submits this Supplement in Further Opposition to Plaintiff Salt City Steel, LLC's ("Plaintiff") *Ex Parte* Motion (ECF No. 25, "Motion") to Extend the Temporary Restraining Order (ECF No. 22, "TRO").

**I.    THE ASSET FREEZE SHOULD BE LIFTED**

During the January 20, 2026 conference call, the Court requested that Defendant provide a declaration establishing the amount of sales generated from the product listing at issue in this case. Submitted herewith is the Declaration of Haiqin Bao, a manager of Defendant, that includes testimony and evidence showing that (aside from Plaintiff's test purchases), Defendant made just four sales that generated $127.92 in total revenue and approximately $28 in profits. (Bao Decl. ¶8). Further, none of the funds frozen as a result of the restraining order entered by the Court relate to the product listing in question. (*Id.* at ¶9). All of the restrained funds were derived from sales of unrelated products. (*Id.*).

As also discussed during the Conference, statutory damages, attorneys' fees, and costs are

1

unavailable because Section 412 of the Copyright Act prohibits these remedies unless the Plaintiff registers its copyright prior to the alleged infringement. 17 U.S.C. § 412. Section 412 provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for ... any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

Here, the alleged infringement began at least by February 19, 2025. (Bao Decl., Ex. A ("order date" column)). Although Plaintiff's photographs were first published in October 2023, Plaintiff did not attempt to registered its copyrights until April 16, 2025. (Dkt. 1-1). Thus, assuming success on the merits, Plaintiff can at most recover about $30.

In view of the foregoing, the asset freeze should be lifted and Plaintiff should be ordered to instruct Defendant's website and payment processor to release all holds on Defendant's funds.[1]

## II. THIS CASE SUFFERS FROM NUMEROUS INCURABLE DEFECTS

The Bao Declaration also confirms that: (1) joinder is improper; (2) this court lacks personal jurisdiction over Defendant; and (3) Plaintiff is forum shopping.

*First,* Defendant confirms that Plaintiff's joinder allegations are false. For example, Plaintiff has stated that all 394 "Defendants operate in concert with one another as part of a coordinated effort to sell Infringing Products." (ECF No. 17 at 1). However, Defendant has no connection or knowledge of any of the other 393 defendants and is certainly not working with any of them. (Bao Decl. ¶8). A review of the arguments advanced by Plaintiff in favor of joinder shows that they are conclusory and "even taken together, are insufficient to satisfy [Plaintiff's] burden in persuading the Court to reach the legal conclusion that Defendants are working in

---

[1] Defendant has still yet to see the actual TRO issued by the Court because it remains under seal and it has never been served on Defendant.

concert to such a degree that their sales should be regarded as arising out of the same transaction, occurrence, or series of transactions or occurrences." *Fendi S.R.L. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 25-CV-14553, 2025 WL 3514467, at *3 (N.D. Ill. Dec. 8, 2025). In *Fendi*, Judge Coleman rejected virtually identical "creative arguments" in favor of joinder (e.g., use of "identical or nearly identical product images and descriptions" and shipping methods) and *sua sponte* dismissed the entire case. *Id.* at *2-3. The Court should do the same here.

*Second*, the sales data attached to the Bao Declaration confirms that this Court lacks personal jurisdiction over the Defendant. As can be seen, there was just one sale made to an Illinois address—and it was made to Plaintiff's counsel. (Bao Decl., Ex. A ("state/region" column)). Given that Plaintiff is based in Utah, this one sale—for the purpose of establishing personal jurisdiction—is insufficient. *See Liu v. Ai Shi Te Shen Zhen Shi Pin You Xian Gong Si*, No. 1:25-cv-14031, ECF No. 8 (N.D. Ill. Dec. 5, 2025) (granting motion to dismiss for lack of personal jurisdiction despite evidence of single purchase by non-Illinois plaintiff into Illinois); *see also NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 623 (7th Cir. 2022) (noting that a single purchase "conjured up by the plaintiffs' attorney for the exclusive purpose of establishing personal jurisdiction over the defendants" would be insufficient). This Court "need not accept mere speculation or conclusory allegations" regarding personal jurisdiction as true. *Fendi S.R.L.*, 2025 WL 3514467, at *2 (dismissing complaint *sua sponte* where the plaintiff failed to allege facts sufficient to establish jurisdiction over each Schedule A defendant).

*Third,* Plaintiff is plainly forum shopping. Plaintiff is a Utah entity with no connection to Illinois. As can be seen from the two test purchases conducted by Plaintiff's counsel, in June 2025, Plaintiff was shopping between this Court and the Western District of Pennsylvania (two popular

venues for "Schedule A" cases). In July 2025, the Western District of Pennsylvania issued a Standing Order that essentially put Schedule A plaintiffs out of business.[2] Plaintiff then filed its case in this Court. *See XYZ Corporation v. The P'ships Identified on Schedule A*, No. 25-cv-12554 (N.D. Ill. filed Oct. 15, 2025). Aware that joinder was improper, Plaintiff amended its complaint to name just two defendants with common ownership. And, two days later, on October 17, 2025, Plaintiff then refiled the same complaint as the present action, against the same defendants that were dismissed from the Prior Litigation. This forum shopping serves no benefit. *See Dongguan Deego Trading Co. v. Junyao-US*, No. 25 C 4962, 2025 WL 2174325, at *2 (N.D. Ill. July 31, 2025) (affirming sanctions award against Schedule A plaintiff "to compensate the overlapping defendants for time spent litigating a case that had been filed in violation of a direct court order and to deter similar acts of blatant forum shopping").

\* \* \*

For these reasons, Plaintiff should be ordered to take all steps necessary to release the freeze placed on Defendant's funds.

Respectfully submitted,

Dated: January 21, 2026

By: *s/ Mark Berkowitz*
Mark Berkowitz
Sandra A. Hudak
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com
shudak@tarterkrinsky.com

*Attorneys for Defendant Acssart*

---

[2] https://blog.ericgoldman.org/archives/2025/07/judge-ranjan-cracks-down-on-sad-scheme-cases.htm.